

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL,
ATTORNEY GENERAL.

July 23, 1949.

Hon. Stuart B. Lumpkins
County Attorney
Ellis County
Waxahachie, Texas

Opinion No. V-861.

Re: The authority of the
Commissioners' Court
to employ the son of
the County Road Engin-
eer on road jobs of

Dear Mr. Lumpkins:                    the County.

Your request for an opinion relating to the
Nepotism Law is predicated upon the following question:

"Can the County Commissioners' Court le-
gally employ the Chief Executive Officer's son
on the road jobs of the County where the Coun-
ty has qualified under the Optional Road Law
of 1947, Art. 6716-1, Civil Statutes?"

It is assumed that your request has reference to the
County Road Engineer instead of the Chief Executive Of-
ficer.

Article 432, V.P.C., as amended by H.B. 508,
51st Legislature, commonly referred to as the Nepotism
Law, is as follows:

"No officer of this State or any officer
of any district, county, city, precinct,
school district, or other municipal subdivi-
sion of this State, or any officer or member
of any State, district, county, city, school
district or other municipal board, or judge of
any court, created by or under authority of
any General or Special Law of this State, or
any Member of the Legislature, shall appoint,
or vote for, or confirm the appointment to any
office, position, clerkship, employment or du-
ty, of any person related within the second
degree by affinity or within the third degree
by consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a

member, when the salary, fees, or compensation
of such appointee is to be paid for, directly
or indirectly, out of or from public funds or
fees of office of any kind or character what-
soever; provided that nothing herein contained
shall prevent the appointment, voting for, or
confirmation of any person who shall have been
continuously employed in any such office, po-
sition, clerkship, employment or duty for a
period of two (2) years prior to the election
or appointment of the officer or member appoint-
ing, voting for, or confirming the appointment
of such person to such office, position, clerk-
ship, employment or duty."

In Attorney General's Opinion No. V-537, dated
April 9, 1948, a copy of which is herewith enclosed,
this office stated that the County Road Engineer, ap-
pointed pursuant to the provisions of the Optional Coun-
ty Road Law of 1947, is a public officer. It was fur-
ther stated that neither the Commissioners' Court nor
any of its members are authorized to hire or fire any
county road personnel without the approval and consent
of the County Road Engineer.

By reason of the foregoing it is our opinion
that the Commissioners' Court of Ellis County may not
legally employ the son of the County Road Engineer on
road jobs in said county. Therefore, your question
should be answered in the negative.

### SUMMARY

The Commissioners' Court of Ellis County
may not legally employ the son of the County
Road Engineer on road jobs in said County in-
asmuch as the same is prohibited by the terms
of Article 432, V.P.C. (Nepotism Law).

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Burnell Waldrep
Assistant

APPROVED

Joe R. Greenhill

FIRST ASSISTANT
ATTORNEY GENERAL

BW:bh